Prob 12C
(rev. 09/21)



U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jan 05 - 2026**

John M. Domurad, Clerk

## 02UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### Petition for Warrant or Summons for Person Under Supervision

Name of Defendant: Jonathan Munafo                  Case Number: 1:25CR00159-001

Name of Sentencing Judicial Officer: Honorable Janet T. Neff, U.S. District Judge, Western District of Michigan

Name of Assigned Judicial Officer: Honorable Anne M. Nardacci, U.S. District Judge, (Transfer of Jurisdiction from WD/MI to ND/NY on April 11, 2025)

Date of Original Sentence: October 26, 2022

Date of Amended Sentence: August 5, 2024

Date of Revocation: November 21, 2025

Original Offense: Interstate Threatening Communications

Revocation Offense: Drug Use; Leaving Judicial District without Permission

Original Sentence: Twenty-Four (24) Months Imprisonment and Three (3) Years Supervised Release

Amended Sentence: Twenty-One (21) Months Imprisonment and Three (3) Years Supervised Release

Revocation Sentence: Seven (7) Months Imprisonment and Twenty-Four (24) Months Supervised Release

Type of Supervision:  Supervised Release                  Date Supervision Commenced: December 19, 2025

Asst. U.S. Attorney: Richard Belliss                  Defense Attorney: Michael McGeown-Walker

---

### PETITIONING THE COURT

☒        To issue a warrant

☐        To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Standard Condition: "You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame."** |

1

| | The defendant was released from imprisonment on December 19, 2025, but failed to report to or contact the probation office in the Northern District of New York within 72 hours of his release.<br><br>*This conduct constitutes a Grade C Violation. Evidence in support of this violation includes Probation Officer testimony.* |
|---|---|

U.S. Probation Officer Recommendation:

The term of supervision should be:

☒ Revoked

☐ Extended for Extension years, for a total term of Total Term years

☐ The conditions of supervision should be modified as follows:
Modify Conditions

I declare under penalty of perjury that the foregoing is true and correct.

Approved by:                                             Submitted by:

Chelsea Deyo                                             Thomas M. Carey
Supervisory U.S. Probation Officer                       U.S. Probation Officer

Executed on:     January 5, 2026

Name of Offender:     Jonathan Munafo                    Case Number: 0206 1:25CR00159- 001

THE COURT ORDERS:

☐     No Action

☐     The Issuance of a Summons

☐     Other

☒     The Issuance of a Warrant.  This petition and all documents attached hereto are **SEALED** until such time as the warrant generated by this petition is returned executed.

☒     The U.S. Probation Office is authorized to release documents identified within the petition as evidence supporting the violation to the U.S. Attorney's Office. The U.S. Probation Office is also authorized to release the Presentence Report to counsel.

☐     All court appearances, including the initial appearance and detention hearing, will be handled by this judicial officer.

The District Court Clerk's Office is hereby **ORDERED NOT** to serve a copy of this petition or any of the attached documents upon anyone EXCEPT that a copy is to be served upon law enforcement personnel.  Copies shall be served upon the unsealing of the petition.

_____
Honorable Anne M. Nardacci
U.S. District Judge


January 5, 2026
Date

**Violation Guideline Calculation**

| | |
|---|---|
| Most Serious Grade of Violation (<u>see</u> §7B1.1(b)) | Grade C |
| Criminal History Category  (<u>see</u> §7B1.4(a)) | II |
| Range of Imprisonment (<u>see</u> §7B1.4(a)) | 4-10 months |
| Maximum Term of Imprisonment (<u>see</u> 18 U.S.C. § 3583(e)(3), 18 U.S.C. § 3565(a)) | 2 years |

In this case, the defendant was originally convicted of a **Class D Felony** and therefore, the Court may not impose a sentence of more than **2 years'** imprisonment pursuant to 18 U.S.C. § 3583(e)(3). The Court may sentence the defendant to a period of supervised release of **up to 3 years**, less any term of imprisonment that was imposed upon this and prior revocations of supervised release, pursuant to 18 U.S.C. § 3583(h). In this instance, the defendant shall be credited for **7 months** served on previous violation(s) and any additional term of imprisonment imposed on this violation.

**Sentencing Options for Grade B and C Violations Only** (Check the appropriate box):

☒ **(a)** If the minimum term of imprisonment determined under §7B1.4) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ **(b)** If the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ **(c)** If the minimum term of imprisonment determined under §7B1.4 is more than ten months, no sentencing options to imprisonment are available.

**Unsatisfied Conditions of Original Sentence** (List any restitution fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution | N/A | Community Confinement | N/A |
| Fine | N/A | Location Monitoring | N/A |
| Other | N/A | Community Service | N/A |

**Departure:**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

**Official Detention Adjustment** (<u>see</u> §7B1.3(e)): Months **months** Days days

---

**Supervision Summary:**

On October 26, 2022, the above-named defendant was sentenced in the Western District of Michigan by the Honorable Janet T. Neff, to twenty-four months imprisonment and three years' supervised release following his conviction for Interstate Threatening Communications. Munafo had previously served his incarceration period for the underlying offense and was serving time on another federal offense related to the January 6, 2021, events at the United States Capital in Washington, D.C. With regards to the District of Columbia conviction, Munafo was pardoned by President Trump on January 20, 2025, and immediately released from imprisonment. He commenced his term of supervised release on the Western District of Michigan case on January 20, 2025, in the Northern District of New York. Our office initially accepted a 90-day courtesy supervision on January 28, 2025, followed by full supervision and jurisdiction on March 26, 2025. On April 11, 2025, jurisdiction was transferred to the Northern District of New York and the case was assigned to Your Honor.

On May 21, 2025, Your Honor issued a warrant for the defendant's arrest subsequent a violation petition filed by the probation office. Munafo made an initial appearance in front of the Honorable Daniel J. Stewart on May 22, 2025. Munafo waived a detention hearing, and he was remanded to the custody of the USMS pending the final revocation hearing, which occurred on November 21, 2025. On November 21, 2025, Munafo was sentenced by Your Honor to seven months imprisonment and twenty-four months supervised release. Munafo was in custody since May 22, 2025, and his release was scheduled for December 19, 2025.

On November 24, 2025, this Officer received a call from Suzzanne Keller (AKA Suzzanne Monk) requesting the defendant reside with her at 2331 Chester Street SE, Washington, DC 20020 upon his release from imprisonment. She stated she is a January 6 Advocate/Author, and she developed a friendship with Munafo over the last couple of years. She stated she can offer support and stability to Munafo. This Officer explained the transfer process to Ms. Keller, specifically that an investigation must be conducted by the receiving district before the request is approved. This Officer also explained that Munafo must confirm his intention to pursue a transfer request.

On December 8, 2025, this Officer spoke with Munafo via telephone while he was incarcerated in the Delaware County Jail, and he confirmed his intention to request a transfer to the District of Columbia to reside with Ms. Keller. This Officer informed Munafo that a transfer request will be sent to the District of Columbia, and a full investigation will need to be completed before his request is approved. While the investigation is pending, Munafo agreed to reside with his friend, Ken Gladding, at 10 Pleasant View Ave in Troy, NY.

On December 11, 2025, this Officer sent a transfer request to the District of Columbia.

On December 29, 2025, this Officer spoke with staff at the Delaware County Jail, and they confirmed Munafo was released on December 19, 2025. Munafo failed to report to the probation office or contact this Officer within 72 hours of his release and his current whereabouts are unknown. This Officer left several phone messages for Ms. Keller, but she has not returned any of this Officer's phone calls. This Officer attempted to contact Munafo on the cellphone he used during his first term of supervision, however, that number is no longer

5

active. This Officer attempted to contact a friend of Munafo, Dennis Rodgers, on multiple occasions, but no contact has been made to date.

On December 29, 2025, this Officer spoke with Ken Gladding, whom Munafo was supposed to be residing with while the transfer investigation was pending. Mr. Gladding stated he spoke with Munafo while he was incarcerated and that he requested a ride upon his release, but Munafo never followed up. Mr. Gladding confirmed he has not heard from Munafo since his release and that Munafo is not residing with him.

On January 5, 2025, this Officer spoke with United States Probation Officer Justin Suddeth from the District of Columbia, who was assigned the pretransfer request. This Officer explained that Munafo has not contacted our office since his release and that attempts to contact Ms. Keller have gone unanswered. USPO Suddeth called Ms. Keller, and she answered. She stated that Munafo is not residing with her and that she has not heard from Munafo is the last "72 hours." She stated she does not know where he is and believes his cellphone is no longer in service. She was encouraged to have Munafo contact this Officer should she hear from him.

Munafo has failed to make any attempt to contact our office since his release on December 19, 2025 and it appears he has absconded from supervision. Therefore, our office is respectfully recommending a warrant be issued for Munafo's arrest.